UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN BURGOON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NARCONON OF NORTHERN CALIFORNIA, et al.,<br><br>Defendants. | Case No. 15-cv-01381-EMC<br><br>**ORDER RE PLAINTIFFS' APPEAL OF CLERK'S TAXATION OF COSTS**<br><br>Docket No. 123 |

Plaintiffs have asked the Court to review the taxation of costs by the Clerk of the Court. *See* Fed. R. Civ. P. 54(d)(1) (providing that "[t]he clerk may tax costs on 14 days' notice" and that, "[o]n motion served within the next 7 days, the court may review the clerk's action"). Having considered the papers submitted, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for April 7, 2016. The Court **VACATES** the Clerk's taxation of costs.

The Court agrees with Plaintiffs that the taxation of costs was premature. Civil Local Rule 54-1(a) provides that "[n]o later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." Civ. L.R. 54-1(a). Here, there has been no entry of final judgment. Defendants contend that, although no final judgment has been entered, it was not premature to seek costs because the rule also allows a party to ask for costs after entry of an "order under which costs may be claimed." The problem with this argument is that Defendants have not demonstrated that an order compelling arbitration is an "order under which costs may be claimed."

In fact, it makes little sense to treat the Court's order compelling arbitration as an "order under which costs may be claimed." The Court's order not only compelled arbitration but also

stayed the case; thus, future litigation in the case is not foreclosed.  Moreover, that future litigation will in fact take place is all but confirmed by the fact that the parties have stipulated to the filing of a second amended complaint with new named plaintiffs in lieu of Mr. Burgoon (who has now settled his claims) and Mr. Landers (who has been compelled to arbitration).  Because additional costs are likely to still be incurred (and by both sides), it makes no sense for this Court (or the proposed transferee court) to take a piecemeal approach to costs – *i.e.*, to make a ruling on costs now and then make another ruling on costs in the future.

Moreover, Defendants have failed to take into account that costs under Federal Rule of Civil Procedure 54(d)(1) are to be awarded to "the prevailing party." Fed. R. Civ. P. 54(d)(2). Defendants have cited no authority to establish that a court evaluates prevailing party status on an issue-by-issue basis.  In fact, the authority is to the contrary – *i.e.*, that there is only one prevailing party and the entirety of the action must be evaluated in assessing who that prevailing party is. *See, e.g.*, *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (holding that there can be only one prevailing party as indicated by the phrase "'*the* prevailing party'"; adding that, "even in mixed judgment cases, punting is not an option; Rule 54 does not allow every party that won on some claims to be deemed a 'prevailing party' [and,] [f]or the purposes of costs and fees, there can be only one winner").[1]  Here, Defendants may have successfully compelled arbitration and obtained a stay (at least temporarily), but that does not speak as to who is the prevailing party on the substantive claims, either as asserted by Mr. Burgoon and Mr. Landers or the new proposed named plaintiffs.

///

///

///

---

[1] Of course, in *Shum*, the court did note that, "[d]epending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award only low costs or no costs at all." *Shum*, 629 F.3d at 1367 n.8; *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234-35 (10th Cir. 2001) (stating that, "in cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success[;] [o]r, in cases in which 'neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties,' some courts have denied costs to both sides").

Accordingly, the Court hereby vacates the Clerk's taxation of costs. The proper time for costs to be assessed will be when this litigation is concluded.

This order disposes of Docket No. 123.

**IT IS SO ORDERED**.

Dated: March 28, 2016

_____
EDWARD M. CHEN
United States District Judge

3